UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOSE LUIS G.G., <br><br>             Petitioner, <br><br>vs. <br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; SAMUEL J. OLSON, in his official capacity as Field Office Director of U.S. Immigration and Customs Enforcement, <br><br>             Respondents. | 5:26-CV-05023-KES <br><br> ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER, ENJOINING PETITIONER'S REMOVAL FROM SOUTH DAKOTA, AND SETTING DEADLINE FOR ANSWER |

On March 10, 2026, petitioner, Jose Luis G.G.,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against respondents Kristi Noem, Todd Lyons, and Samuel J. Olson, alleging that he is being unlawfully detained by Immigration and Customs Enforcement (ICE). Docket 1; Docket 3 ¶ 2. Jose G.G. asserts that he has been present in the United States for eight years and that ICE arrested him while he was leaving his home for work, after which he

---

[1] The United States District Court for the District of Minnesota, which has handled over one hundred similar petitions in 2026 alone, has adopted a policy in immigration cases of identifying petitioners only by first name and last initial in publicly filed pleadings. Consistent with that practice, this court follows the same approach and, with minor modifications, adopts the standard initial order used in those cases.

has remained detained at the Lawrence County Jail in Deadwood, South Dakota since February 27, 2026. Docket 3 ¶¶ 2-3. Jose G.G. has filed a motion for temporary restraining order (TRO), requesting that the court (1) prohibit his removal from the Western Division of the District of South Dakota pending resolution of his underlying habeas action; (2) order respondents to release him immediately; and (3) enter an order substantially similar to the one entered in *Esli David B.G. v. Bondi*, D.S.D. W. Div., 5:26-CV-05020-RAL. *See* Docket 2.

The motion for a temporary restraining order seeks to prevent respondents from removing Jose G.G. from South Dakota so that this court does not lose jurisdiction and counsel can locate and consult with him. Docket 4 at 3. Respondents in similar cases have transferred detainees to Texas and other facilities, sometimes in violation of court orders. *See Juan T.R. v. Noem*, No. 26-cv-107 (PJS/DLM), Dockets 12, 12-1, 12-2 (D. Minn. Feb. 26, 2026). Although there is no evidence that such conduct by respondents has occurred in South Dakota, there would be immediate and irreparable injury if Jose G.G. were moved out of state before this court rules on the merits of his habeas petition.

Respondents would suffer no corresponding harm from being required to keep Jose G.G. in South Dakota during the 14 days in which this court expects to rule on the merits of his habeas petition, depending on the parties' filings. Given the absence of harm to the United States, no security will be required under Fed. R. Civ. P. 65(c).

2

The District of Minnesota has handled numerous cases with similar facts, and judges in that district have developed a standard order that this court finds appropriate for issuance here. Good cause appearing, it is:

ORDERED that:

1. The Clerk of Court shall deliver or serve a copy of the Petition (Docket 1), Motion for TRO (Docket 2), and Declaration (Docket 3) on the United States Attorney for the District of South Dakota. The Clerk shall also serve a copy of the Petition on the Lawrence County State's Attorney's Office and provide a courtesy copy to the Attorney General of South Dakota.
2. Respondents shall file an answer to petitioner's habeas corpus petition no later than March 19, 2026, certifying the true cause and proper duration of petitioner's confinement and showing cause why the writ should not be granted.
3. Respondents' answer shall include:
    a. Any affidavits and exhibits necessary to establish the lawfulness and proper duration of petitioner's detention in light of the issues raised in the habeas petition;
    b. A memorandum of law explaining respondents' legal position on petitioner's claims;
    c. Respondents' recommendation as to whether an evidentiary hearing should be conducted; and

    d. Respondents' position as to whether—and if so, why—this matter is materially distinguishable, factually or legally, from the District of Minnesota's leading case addressing similar issues, *Santos M.C. v. Olson,* No. 25-CV-4264, 2025 WL 3281787 (D. Minn. Nov. 25, 2025);[2] and

    e. Respondents shall address in their answer whether the absence of a warrant preceding petitioner's arrest requires petitioner's immediate release under the analysis set forth in *Ahmed M. v. Bondi,* No. 25-cv-4711, 2026 WL 25627 (D. Minn. Jan. 5, 2026).

4. If petitioner intends to file a reply to respondents' answer, petitioner must do so no later than March 24, 2026.

5. Respondents are ENJOINED, pursuant to Fed. R. Civ. P. 65(b), for 14 days from entry of this Order from moving petitioner outside of South

---

[2] *Santos* represents the majority view that the applicable detention scheme for noncitizens already residing in the United States is under § 1226(a), absent exceptions under § 1226(c). *Maldonado v. Olson,* 795 F. Supp. 3d 1134 (D. Minn. 2025); *E.M. v. Noem,* No. 25-CV-3975, 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Castanon-Nava v. U.S. Dep't of Homeland Sec.,* 161 F.4th 1048, 1060-62 (7th Cir. 2025); *see also Demirel v. Fed. Detention Ctr. Phila.,* Civ. No. 25-5488, 2025 WL 3218243, at *4-5 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Ravcraft,* No. 25-CV-12546, 2025 WL 2609425, at *6-7 (E.D. Mich. Sept. 9, 2024) (collecting cases); *Yulexi T. v. Noem,* No. 26-cv-68, 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); *Kelvin N. v. Bondi,* No. 26-CV-32, 2026 WL 63423, at *2-3 (D. Minn. Jan. 8, 2026); *Iishaar-Abdi v. Klang,* No. 25-CV-4686, 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *Awaale v. Noem,* No. 25-CV-4551, 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Hugo D.P. v. Olson,* No. 25-CV-4593, 2025 WL 3688074, at *2-3 (D. Minn. Dec. 19, 2025); *Leonel V.F. v. Bondi,* No. 25-cv-4474, 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *See Ortiz v. Freden,* 808 F. Supp. 3d 579, 595 (W.D.N.Y. 2025).

Dakota until further order of the court, so that petitioner may consult with counsel while the court considers the petition and so that removal of petitioner from South Dakota does not deprive this court of jurisdiction over the petition. If petitioner has already been removed from South Dakota, respondents must immediately return petitioner to South Dakota no later than March 16, 2026.

Dated March 12, 2026.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE