UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOSE LUIS G.G., <br><br> Petitioner, <br><br> vs. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; SAMUEL J. OLSON, in his official capacity as Field Office Director of U.S. Immigration and Customs Enforcement, <br><br> Respondents. | 5:26-CV-05023-KES <br><br><br> ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS |

On March 10, 2026, petitioner, Jose Luis G.G., filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against respondents Kristi Noem, Todd Lyons, and Samuel J. Olson, seeking his immediate release from federal immigration detention. Docket 1. This court entered a temporary restraining order enjoining Jose G.G.'s removal from the District of South Dakota for 14 days pending briefing on the propriety of his detention. Docket 6 at 4-5. The court now addresses the merits of Jose G.G.'s habeas petition.

Jose G.G. is a resident of Box Elder, South Dakota, and a citizen of Mexico. *See* Docket 3 ¶ 2; Docket 7 at 2. He has been living in the United States for about eight years since entering without inspection. Docket 3 ¶ 1;

Docket 7 at 2. Jose G.G. is not married but has a minor child who is cared for by the mother. Docket 8-1 at 3. Jose G.G. has no criminal history since residing in the United States. *Id.* at 2.

On February 27, 2026, outside his residence in Box Elder, Immigration and Customs Enforcement (ICE) agents arrested Jose G.G. without a warrant. *Id.* at 3. Upon encountering the officers, Jose G.G. admitted his Mexican citizenship and lack of lawful status. *Id.* Respondents assert that Jose G.G.'s presence as a passenger during a prior incident where another individual rammed a government vehicle, fled, and twice attempted to evade arrest indicates he was highly likely to flee before ICE could obtain a warrant.[1] *Id.* Agents transported Jose G.G. to the ICE-ERO office in Rapid City for administrative processing and issued him a Notice to Appear (I-862) charging removability under §§ 212(a)(6)(A)(i) and 212 (a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA). Docket 7 at 3; Docket 8-2 at 4. Jose G.G. is currently detained at the Lawrence County Jail in Deadwood, South Dakota, where he appears to have been held since his arrest. *See* Docket 1 at 1; Docket 7 at 1.

On March 10, 2026, Jose G.G. filed the instant petition for writ of habeas corpus, asserting that he is entitled to immediate release because he was arrested and detained without a warrant. Docket 1 at 6-7; Docket 10 at 3, 6. Petitioner also requested that this court enjoin respondents from transporting

---

[1] Respondents assert this incident is currently being investigated by Homeland Security Investigations. Docket 8-1 at 3.

him outside this District pending adjudication of his petition. Docket 3 at 1-2;
*see* Docket 2.

On March 12, 2026, the court issued a temporary restraining order
prohibiting Jose G.G.'s removal or transfer outside the District of South Dakota
for 14 days, pending further order. Docket 6 at 4-5. The order ensured that
Jose G.G. could consult with counsel while his petition remained under
consideration and prevented any risk that his removal would deprive the court
of jurisdiction. *Id.* at 5. This court ordered that respondents address
(1) respondents' view as to whether—and if so, why—this matter is materially
distinguishable, either factually or legally, from what the District of Minnesota[2]
considers its in-district lead case: *Santos M.C. v. Olson*, No. 25-CV-4264, 2025
WL 3281787 (D. Minn. Nov. 25, 2025); and (2) whether the absence of a
warrant preceding Jose G.G.'s arrest necessitates his immediate release under
the analysis of *Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627 (D. Minn.
Jan. 5, 2026). *Id.* at 4.

On March 25, 2026, the Eighth Circuit issued its opinion in *Avila v.
Bondi*, No. 25-3248 (8th Cir. 2026). There, petitioner Joaquin Avila, a Mexican
national, entered the United States without inspection in 2006 and again in
2016. *Id.* at 2. In August 2025, agents from the Department of Homeland
Security (DHS) encountered Avila during a traffic stop in Minneapolis,

---

[2] The court in *Esli David B.G. v. Bondi*, 5:26-cv-05020-RAL noted that
"Operation Metro Surge"—a large scale immigration initiative undertaken in
Minnesota—has given rise to numerous cases substantially similar to the one
now before this court. 5:26-cv-05020-RAL, Docket 13 n.2.

Minnesota, where he admitted to entering the country illegally and lacked admission documents. *Id.* The agents arrested Avila and initiated removal proceedings by issuing a Notice to Appear charging him with removability under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I) for being present in the United States without admission and lacking valid entry documentation. *Id.* DHS detained Avila without bond during the removal proceedings. *Id.* Avila then filed a petition for a writ of habeas corpus seeking release or a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 3.

Although the district court granted Avila's petition, the Eighth Circuit reversed, holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous, adopting the Fifth Circuit's view in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026). *Id.* at 6-7. The court concluded that the text and structure of § 1225(b)(2)(A) show "seeking admission" is not a separate condition for detention; the only relevant inquiry is entitlement to admission. *Id.* at 7. The court rejected Avila's surplusage arguments, noting that Congress may use synonyms and that the context of § 1225(a)(3) confirms that the meanings of "applicant for admission" and "seeking admission" are equivalent. *See id.* In sum, the court held that an alien who qualifies as an "applicant for admission" is also "seeking admission" under § 1225(b)(2)(A), and therefore any "alien present in the United States who has not been admitted" "shall be detained." *See id.* at 4, 6 (quoting 8 U.S.C. §§ 1225(a)(1), (b)(2)(A)).

Here, in light of the reasoning and holding in *Avila*, Jose G.G.'s petition must be denied. The record shows that Jose G.G. is a Mexican national who entered the United States without inspection around eight years ago. Docket 3 ¶¶ 1-2; Docket 7 at 2. On February 27, 2026, ICE agents arrested him and issued a Notice to Appear to him charging removability under §§ 212(a)(6)(A)(i) and 212 (a)(7)(A)(i)(I) of the INA. Docket 7 at 3; Docket 8-2 at 4. Since then, Jose G.G. has been detained at the Lawrence County Jail in Deadwood. *See* Docket 1 at 1; Docket 7 at 1. The court's holding in *Avila* makes clear that, because Jose G.G. entered the United States without inspection or admission, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), because the terms "applicant for admission" and "seeking admission" are considered equivalent.

In a supplement filed on March 25, 2026, Jose G.G. argues that because he was arrested without a warrant, he is still entitled to immediate release notwithstanding the decision of the Eighth Circuit Court of Appeals in *Avila*. *See* Docket 11 at 2. According to Jose G.G., the *Avila* court did not address the warrant requirement, "[s]o it does not change the law concerning warrantless arrests." *Id.* Jose G.G. also contends that the court in *Avila* "said nothing about due process." *Id.* He asserts that because the "government has already been heard on this issue," the court should release him based on due process grounds. *Id.* at 3.

These arguments are unavailing. True, the *Avila* court did not address warrantless arrests of aliens. *Avila*, No. 25-3248 at 2-12. But, as respondents

point out, arrests based under 8 U.S.C. § 1225(b)(2)(A) do not require a warrant. *See* 8 U.S.C. § 1357(a)(2) (authorizing immigration officers to arrest an alien without a warrant if they have reason to believe the alien is in the United States in violation of law and is likely to escape before a warrant can be obtained); *see also Tejeda-Mata v. INS*, 626 F.2d 721, 724-25 (9th Cir. 1980) (upholding a warrantless immigration arrest under § 1357(a)(2)); *United States v. Cantu*, 519 F.2d 494, 496-97 (7th Cir. 1975) (confirming that immigration officers may arrest without a warrant when statutory conditions under § 1357 are met). Jose G.G. admitted his Mexican citizenship and lack of lawful status when he was encountered by immigration officers. Docket 8-1 at 3. Coupled with the officers' knowledge that he was a passenger in a vehicle whose driver rammed a government vehicle, fled, and twice attempted to evade arrest, *id.,* this gave officers reason to believe that Jose G.G. was in the country illegally and highly likely to flee before a warrant could be obtained, *see* 8 U.S.C. § 1357(a)(2).

Although § 1226 requires the issuance of a warrant before an alien may be arrested and detained, *see Ahmed M.*, 2026 WL 25627, at *3, Jose G.G.'s arrest and detainment were brought under § 1225(b)(2)(A), which does not require the issuance of a warrant before arrest. As such, the officers were authorized to arrest him without a warrant pursuant to 8 U.S.C. § 1357(a)(2).

Additionally, Jose G.G.'s argument in his supplemental brief that the court should grant his habeas petition on due process grounds is without merit. Because he failed to raise a due process argument in his petition, motion

6

for temporary restraining order, or the opening brief, he has waived that argument. *See* Dockets 1, 2, 4; *e.g., United States v. Thao*, 76 F.4th 773, 779 (8th Cir. 2023) ("Because these arguments weren't meaningfully developed, we can consider them waived."); *DISH Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 883 (8th Cir. 2013) ("Since DISH did not raise this argument in its initial brief, it is waived."); *Meyers v. Starke*, 420 F.3d 738, 743 (8th Cir. 2005) ("To be reviewable, an issue must be presented in the brief with some specificity. Failure to do so can result in waiver."). This is so regardless of the fact that respondents, on their own, elected to brief the issue. See Docket 7 at 9.

Based on the foregoing, it is

ORDERED that Petitioner Jose G.G.'s Petition for a Writ of Habeas Corpus (Docket 1) is denied and dismissed.

Dated March 26, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

7